**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

MICHAEL FIERRO,

      Petitioner,

v.                                                                No. 24-cv-1122-JCH-GBW

ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO, *et al*,

      Respondents.


**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter is before the Court on Michael Fierro's *pro se* Amended Petition for Writ of
Habeas Corpus Under 28 U.S.C. § 2254 (Doc. 2) (Amended Petition).  Fierro alleges he spent
excess time in prison – as evidenced by a state appellate ruling that reduced his sentence – and
seeks money damages.  Having reviewed the matter *sua sponte* under Habeas Corpus Rule 4, the
Court will require Fierro to show cause why the Petition should not be summarily dismissed for
failure to exhaust state remedies or raise a claim that is redressable under § 2254.

**BACKGROUND**

The following background facts are taken from the Petition and the relevant state criminal
dockets, Case Nos. D-503-CR-2021-371; A-1-CA-40605.  The state criminal docket is subject to
judicial notice.  *See Mitchell v. Dowling*, 672 Fed. App'x 792, 794 (10th Cir. 2016) (Habeas courts
may take "judicial notice of the state-court docket sheet").

In 2022, a state jury convicted Fierro of misdemeanor criminal trespass and criminal
damage to property over $1000 (a fourth-degree felony).  *See* Verdicts in D-503-CR-2021-371.
The state trial court initially sentenced Fierro to five and a half years imprisonment, which includes
a habitual offender enhancement.  *See* Judgment entered July 21, 2022 in D-503-CR-2021-371.

The New Mexico Court of Appeals (NMCA) reversed, in part, on the ground that there was insufficient evidence to support both convictions. *See* Memorandum Opinion entered November 30, 2023 in A-1-CA-40605. The NMCA vacated the misdemeanor criminal trespass conviction outright and reduced the conviction for criminal damage to property from a felony to a misdemeanor. *Id.* With respect to the latter adjustment, the NMCA found that Fierro only caused $600 in damage, which does not meet the $1000 threshold for a felony conviction. *Id.*

The state trial court entered its Amended Judgment, pursuant to the NMCA mandate, on December 19, 2023. *See* Judgment and Sentence entered December 19, 2023. The Amended Judgment reflects that Fierro's only remaining conviction in Case No. D-503-CR-2021-371 is misdemeanor criminal damage to property (under $1000). *Id.* Fierro was sentenced to six months imprisonment on that conviction. *Id.* Because Fierro had already served at least six months of his original sentence, he was released from custody with respect to Case No. D-503-CR-2021-371. *Id.* Fierro did not appeal the Amended Judgment, nor did he seek state certiorari review with respect to the final misdemeanor conviction in Case No. D-503-CR-2021-371.

Fierro filed the instant 28 U.S.C. § 2254 habeas proceeding on November 1, 2024. *See* Doc. 1. It appears that, at the time of filing, he was detained on unrelated charges. The Amended Petition seeks money damages under § 2254 on the ground that Fierro spent excess time in prison. *See* Doc. 2. Fierro filed a Motion to Proceed *In Forma Pauperis* (Doc. 3), which reflects he cannot afford to pay the $5.00 habeas filing fee, and a Motion for Stay and Abeyance (Doc. 4). The Court will grant *in forma pauperis* relief and consider the requested stay along with the merits of Fierro's claims under Habeas Corpus Rule 4.

**DISCUSSION**

Habeas Corpus Rule 4 requires a *sua sponte* review of habeas petitions.  Courts review each claim under Habeas Corpus Rule 4 to determine whether the petitioner's detention violates federal law.  *See* 28 U.S.C. § 2241(c)(3).  Even if there is a potential violation, "a habeas petitioner is generally required to exhaust state remedies" before obtaining relief "under § 2254."  *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000).  "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack."  *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  In New Mexico, this means the petitioner must present all claims to the New Mexico Supreme Court.  "The exhaustion requirement can only be excused in the "absence of available State corrective process or because circumstances exist that render such process ineffective to protect the rights of the applicant."  *Magar v. Parker*, 490 F.3d 816, 818 (10th Cir. 2007).  "*Sua sponte* consideration of exhaustion of state remedies ... is explicitly permitted" where the failure to exhaust appears on the face of the petition.  *United States v. Mitchell*, 518 F.3d 740, 746 n.8 (10th Cir. 2008).

Fierro's Motion for Stay and Abeyance addresses the exhaustion requirement.  *See* Doc. 4. Fierro appears to mistakenly believe that the State Attorney General (AG) seeks to dismiss the Petition as unexhausted, even though the AG has not appeared in the case.  *Id.* at 1.  Fierro also contends his Petition constitutes a mixed pleading - which contains both exhausted and unexhausted claims - and seeks a stay while he returns to state court to exhaust.  *Id.*

Despite these arguments, the Petition clearly reflects that Fierro did not present any federal claim to the New Mexico Supreme Court.  The Petition states Fierro did not "seek further review

by a higher state court" after the New Mexico Court of Appeals issued its ruling. *See* Doc. 2 at 2-3. Under each ground for relief, he reiterates that the claims were raised in the New Mexico Court of Appeals and writes "N/A" under the questions addressing further exhaustion. *Id.* at 5-10. The Secured Odyssey Public Access (SOPA) system, which tracks all New Mexico trial court and appellate filings, confirms the failure to exhaust. *See* https://securecourtcaseaccess.nmcourts.gov/. The SOPA system reflects that Fierro has not filed any appeal with the New Mexico Supreme Court.

The Court may still enter a stay where, as here, there is a total failure to exhaust state remedies. *See Doe v. Jones*, 762 F.3d 1174, 1181 (10th Cir. 2014) (holding the factors set forth in *Rhines v. Weber*, 544 U.S. 269 (2005) – which applies to mixed petitions – are relevant where there is a total failure to exhaust habeas claims). To obtain a stay of this proceeding, Fierro must show "good cause for his failure to exhaust, [that] his unexhausted claims are potentially meritorious, and" the absence of "intentionally dilatory litigation tactics." *Id.* Such stays are rare, as they often require Federal Courts to leave the § 2254 case open for years while the petitioner pursues litigation in various state trial and appellate courts. *See Rhines*, 544 U.S. at 270 (noting "stay and abeyance should be available only in limited circumstances").

With respect to the factors addressing cause and dilatory tactics, Fierro's Motion for Stay and Abeyance cites lockdowns and limited library access. Conclusory allegations regarding a lack of access are generally insufficient to overcome a procedural defect in habeas cases. *See, e.g., See Phares v. Jones*, 470 Fed. App'x. 718, 719 (10th Cir. 2012) ("The mere fact of a prison lockdown" is insufficient to overcome a habeas time bar); *United States v. Orecchio*, 2022 WL 2062440, at *3 (10th Cir. June 8, 2022) ("the lack of a [law] library" alone does not excuse an untimely filing). And, in any event, it is not clear how these circumstances impacted Fierro's ability to exhaust state

remedies. Fierro was not in custody for much of the relevant period. The state trial court entered its Amended Judgment in Case No. D-503-CR-2021-371 on December 19, 2023. Fierro's only remaining conviction in Case No. D-503-CR-2021-371 is misdemeanor criminal damage to property (under $1000); his sentence was effectively reduced to time-served; and he was released from custody on that conviction. Fierro did not file another direct appeal of the Amended Judgment, which became final after expiration of the direct appeal period on January 23, 2024. *See Satterfield v. Milyard*, 343 Fed. App'x 372, 374 (10th Cir. 2009) (for § 2254 purposes, a conviction becomes final after expiration of the state's direct appeal period); N.M.R.A. 12-201 (direct appeal must be filed within thirty days after entry of the judgment).

The Motion for Stay and Abeyance does not explain why Fierro failed to exhaust his claims during the next year, nor does it cite any efforts to file a state habeas petition. *See* Docket Sheet in D-503-CR-2021-371 (reflecting that Fierro has not filed any state motions since entry of the Amended Judgment in 2023); *see also State v. Sutphin*, 164 P.3d 72, 76 (N.M. 2007) (discussing state habeas relief and noting "New Mexico does not impose a [state] statute of limitations on habeas petitioners"). In addition, over eight months have passed since Fierro filed the protective federal petition in this case, and he failed to start the exhaustion process (*i.e.,* file a state habeas petition) during that time.[1] *Id.* The Court therefore finds that Fierro has not established cause for his failure to exhaust or the absence of dilatory practices.

The Court also finds Fierro's unexhausted claims lack merit because the requested relief is

---

[1] In his Motion for Stay and Abeyance, Fierro appears to reference the filing of a state post-conviction petition. *See* Doc. 4 at 4, 6. The import of this reference is unclear, as the state docket clearly reflects that Fierro has not filed a state habeas petition or any post-conviction motion after entry of the Amended Judgment on December 19, 2023. *See* Docket Sheet in D-503-CR-2021-00371.

not available under 28 U.S.C. § 2254.  Section 2254 provides relief where a person "is in custody in violation of the Constitution" or federal law.  Courts can only issue a writ under § 2254 where the petitioner seeks to challenge his state conviction or sentence.  *See Naves v. Bigelow*, 565 Fed. App'x 678, 679 n.1 (10th Cir. 2014) ("A proceeding under § 2254 is the proper vehicle for a challenge to the validity of a conviction or sentence" in federal court).  Fierro's sentence is complete, including any term of parole, and he does not raise any challenge to his *current* conviction (misdemeanor criminal damage to property) in D-503-CR-2021-00371.  *See* Doc. 2 at 8 (Fierro concedes his charge "should have been a misdemeanor").  Instead, Fierro seeks money damages on the ground that his *vacated* convictions (felony criminal damage to property and trespass) were unconstitutional and that he spent additional time in prison.  *See* Doc. 2 at 5 (alleging Fierro "did an extra 354 days of incarceration on a charge that got reversed into a misdemeanor").  The request for relief in the Amended Petition states: "I'm entitled to full monetary compensation for the 354 days of extra incarceration also for mental anguish, loss of time, false imprisonment, [and] illegal sentence." *Id.* at 15.

"Money damages are not available as relief in a federal habeas corpus action."[2]  *Steen v. Howes*, 2025 WL 640462, at *3 (D. Kan. 2025) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 493 (1973)).  And, at this stage, the Court cannot otherwise craft a writ of habeas corpus to remedy the vacated convictions.  *See Rhodes v. Judiscak,* 676 F.3d 931, 935 (10th Cir. 2012) (habeas relief is not available where "the best th[e federal] court could do for [the petitioner] … would be to declare that he spent longer in prison than he should have").  The Court therefore finds that Fierro has not

---

[2] The Court also notes there is no reason to convert the instant case to a civil rights action, as Fierro has already filed a 42 U.S.C. § 1983 based on his allegation that he spent excess time in prison.  *See Fierro v. State of New Mexico,* 24-cv-1001 SMD-KRS.

established a stay is necessary to preserve any potentially meritorious claims.

For these reasons, the Court concludes a stay is not currently warranted and will deny Fierro's Motion for Stay and Abeyance (Doc. 4) without prejudice. The Court also concludes the Amended Petition seeks relief that is not redressable under § 2254. In accordance with local custom, and rather than dismissing the case outright, the Court will allow Fierro to show cause why the Amended Petition (Doc. 2) should not be summarily dismissed. The written show cause response is due within thirty (30) days of entry of this ruling. Fierro must provide additional information on the *Rhines* factors, if he still seeks a stay. The failure to timely respond and overcome the above defects may result in dismissal of this case, and future habeas claims challenging the conviction in D-503-CR-2021-371 may be time-barred. The Court finally clarifies that this habeas ruling has no impact on Fierro's ability to pursue his civil claims for damages in *Fierro v. State of New Mexico,* 24-cv-1001 SMD-KRS.

**IT IS ORDERED** that Fierro's Motion to Proceed *In Forma Pauperis* (**Doc. 3**) is **GRANTED**.

**IT IS FURTHER ORDERED** that Fierro's Motion for Stay and Abeyance (**Doc. 4**) is **DENIED without prejudice**; and within thirty (30) of entry of this ruling, Fierro must file a response showing cause, if any, why his Amended Petition should not be summary dismissed for failure to exhaust state remedies and failure to raise a claim that is redressable under § 2254.

_____
SENIOR UNITED STATES DISTRICT JUDGE

7