IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL FIERRO,

    Petitioner,

v.                                                        No. 24-cv-1122-JCH-GBW

ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO, *et al*,

    Respondents.

**MEMORANDUM OPINION AND ORDER**

    This matter is before the Court on Michael Fierro's *pro se* Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (Doc. 2) (Amended Petition). Fierro alleges he spent excess time in prison – as evidenced by a state appellate ruling that reduced his sentence – and seeks money damages. The Court previously directed him to show cause why the Amended Petition should not be summarily dismissed for failure to exhaust state remedies and failure to raise a redressable § 2254 claim. Having reviewed Fierro's Responses and applicable law, the Court will dismiss the Amended Petition without prejudice.

**BACKGROUND**

    The following background facts are taken from the Amended Petition and the relevant state criminal dockets, Case Nos. D-503-CR-2021-371; A-1-CA-40605. The state criminal docket is subject to judicial notice. *See Mitchell v. Dowling*, 672 Fed. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet").

    In 2022, a state jury convicted Fierro of misdemeanor criminal trespass and criminal damage to property over $1000 (a fourth-degree felony). *See* Verdicts in D-503-CR-2021-371. The state trial court initially sentenced Fierro to five and a half years imprisonment, which includes

a habitual offender enhancement. *See* Judgment entered July 21, 2022 in D-503-CR-2021-371. The New Mexico Court of Appeals (NMCA) reversed, in part, and found there was insufficient evidence to support both convictions. *See* Memorandum Opinion entered November 30, 2023 in A-1-CA-40605. The NMCA vacated the misdemeanor criminal trespass conviction outright and reduced the conviction for criminal damage to property from a felony to a misdemeanor. *Id.* With respect to the latter adjustment, the NMCA found that Fierro only caused $600 in damage, which does not meet the $1000 threshold for a felony conviction. *Id.*

On December 19, 2023, the state trial court entered its Amended Judgment pursuant to the NMCA mandate. *See* Judgment and Sentence entered December 19, 2023. The Amended Judgment reflects that Fierro's only remaining conviction in Case No. D-503-CR-2021-371 is misdemeanor criminal damage to property (under $1000). *Id.* Fierro was sentenced to six months imprisonment on that conviction. *Id.* Because Fierro had already served at least six months of his original sentence, he was released from custody with respect to Case No. D-503-CR-2021-371. *Id.* Fierro did not appeal the Amended Judgment, nor did he seek state certiorari review with respect to the updated misdemeanor conviction in Case No. D-503-CR-2021-371.

Fierro filed the instant 28 U.S.C. § 2254 habeas proceeding on November 1, 2024. *See* Doc. 1. At the time of filing, he was detained on unrelated charges. The Amended Petition seeks money damages under § 2254 on the ground that Fierro spent excess time in prison. *See* Doc. 2. By a ruling entered July 29, 2025, the Court screened the Amended Petition and determined it is subject to summary dismissal. *See* Doc. 6 (Screening Ruling). The Court permitted Fierro to respond and show cause, if any, why this proceeding should not be summarily dismissed. Fierro filed three letter-responses (Docs. 7, 8, and 9) (Responses). The Court will consider whether the

2

Responses are sufficient to overcome the barriers to relief set forth in the Screening Ruling.

## DISCUSSION

Habeas Corpus Rule 4 requires a *sua sponte* review of habeas petitions. Courts review each claim under Habeas Corpus Rule 4 to determine whether a petitioner is in custody in violation of federal law. Even if there is a potential violation, "a habeas petitioner is generally required to exhaust state remedies" before obtaining relief "under § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). In New Mexico, this means the petitioner must present all claims to the New Mexico Supreme Court through a direct appeal or a state habeas petition. "The exhaustion requirement can only be excused in the absence of available State corrective process or because circumstances exist that render such process ineffective to protect the rights of the applicant." *Magar v. Parker*, 490 F.3d 816, 818 (10th Cir. 2007). "*Sua sponte* consideration of exhaustion of state remedies ... is explicitly permitted" where the failure to exhaust appears on the face of the petition. *United States v. Mitchell*, 518 F.3d 740, 746 n.8 (10th Cir. 2008).

As explained in the Screening Ruling, the Amended Petition does not raise any true § 2254 claims challenging a conviction/sentence. Fierro only seeks money damages, which is not redressable under § 2254. Even if Fierro did raise a viable § 2254 claim, the Amended Petition clearly reflects that he did not present any federal claim to the New Mexico Supreme Court. The Petition states Fierro did not "seek further review by a higher state court" after the New Mexico Court of Appeals issued its ruling. *See* Doc. 2 at 2-3. Under each ground for relief, he reiterates

that the claims were raised in the New Mexico Court of Appeals and writes "N/A" under the questions addressing further exhaustion. *Id.* at 5-10. The Secured Odyssey Public Access (SOPA) system, which tracks all New Mexico trial court and appellate filings, confirms the failure to exhaust. *See* https://securecourtcaseaccess.nmcourts.gov/. The SOPA system reflects that Fierro has not filed any appeal with the New Mexico Supreme Court.

The Screening Ruling further explains the Petition is not mixed (*i.e.,* a petition containing both exhausted and unexhausted claim), as Fierro suggests. The Screening Ruling denied his requested stay after considering the factors in *Rhines v. Weber*, 544 U.S. 269 (2005). *See* Doc. 6; *see also Doe v. Jones*, 762 F.3d 1174, 1181 (10th Cir. 2014) (finding the *Rhines* factors – which apply to mixed petitions – are relevant where there is a total failure to exhaust habeas claims). The Screening Ruling also set forth the standard for exhaustion and futility. *See* Doc. 6.

Fierro's Responses address a variety of topics, but he appears to concede he has not completed the exhaustion process with respect to Case No. D-503-CR-2021-371. The Responses state:

1. Fierro was trying to sue the State when he initiated this case. He believed he needed to file a § 2254 petition because he received the blank pleading as part of his *pro se* package. He did not realize he had to exhaust state remedies before filing a § 2254 petition. *See* Doc. 8 at 1; Doc. 9 at 1, 3.

2. Fierro is in the process of contacting state courts to inquire about and/or start the exhaustion process. He called the Eddy County District Court to request a *pro se* package, and he plans to write a letter explaining that he needs to exhaust state remedies. *See* Doc. 9 at 2-3. Fierro also wrote to the NMSC "to present [his] case/claim" and is "also in the process to exhaust [his]

4

state remedies."[1]  Doc. 8 at 2.

3. Fierro believes he served excess time in prison in connection with Case No. D-503-CR-2021-371, as the sentence was reduced to six months after a favorable appellate ruling.  He alleges he suffered substantial hardship during that prison term and seeks further instructions on how to get relief on the claim.  *See* Doc. 7 at 1; Doc. 8 at 1.

4. Fierro asks the Court to reopen an unspecified civil rights case that was dismissed after he failed to amend and/or provide a six-month inmate account statement.  *See* Doc. 2-4.

With respect to exhaustion, Fierro's arguments do not show that "there is no opportunity to obtain redress in state court" or that "the corrective process available through the state courts is so clearly deficient as to render futile any effort to obtain relief."  *Magar*, 490 F.3d at 818 (citations omitted).  At most, Fierro is confused about the exhaustion process.  This is unfortunately common for *pro se* prisoners and cannot excuse the requirements of § 2254(b)(1).  *See Herd v. Tapia*, 356 Fed. App'x 140, 143 (10th Cir. 2009) ("[I]t is well-settled that ignorance of the law cannot excuse the failure to exhaust."); *Gunderson v. Abbott*, 172 Fed. App'x 806, 809 (10th Cir. 2006) ("[I]gnorance of the [requirement to exhaust] ... neither removes fault from the petitioner nor sets him apart from any other case.").  The Court therefore concludes that the Amended Petition is unexhausted, and Fierro has not shown exhaustion would be futile.  Fierro can still file a state habeas petition in Case No. D-503-CR-2021-371, and, if relief is denied, a certiorari petition with

---

[1] The state docket reflects that Fierro has not filed any appeal with the NMSC, notwithstanding his letter seeking assistance.  Fierro needs to prosecute a state habeas petition in the trial court before such appeal is available.  *See* N.M.R.A. Rule 5-802 (governing the procedure for filing a writ of habeas corpus in the state court); N.M.R.A. Rule 12-501 (petitioners may seek certiorari review in the NMSC following the denial of a state habeas petition by the trial court).

5

the NMSC. *See State v. Sutphin*, 164 P.3d 72, 76 (N.M. 2007) (discussing state habeas relief and noting "New Mexico does not impose a statute of limitations on habeas petitioners").

As a separate, alternative basis for dismissal, the Court also finds the Amended Petition fails to raise any viable § 2254 claim. Courts have jurisdiction to issue a writ under § 2254 where the petitioner seeks to challenge his state conviction or sentence. *See Naves v. Bigelow*, 565 Fed. App'x 678, 679 n.1 (10th Cir. 2014) ("A proceeding under § 2254 is the proper vehicle for a challenge to the validity of a conviction or sentence" in federal court). Fierro does not raise any claim challenging his *current* conviction (misdemeanor criminal damage to property) in D-503-CR-2021-371. *See* Doc. 2 at 8 (Fierro concedes his charge "should have been a misdemeanor"). Instead, Fierro seeks money damages on the ground that his *vacated* convictions (felony criminal damage to property and trespass) were unconstitutional and that he spent additional time in prison. *See* Doc. 2 at 5 (alleging Fierro "did an extra 354 days of incarceration on a charge that got reversed into a misdemeanor"). The request for relief in the Amended Petition states: "I'm entitled to full monetary compensation for the 354 days of extra incarceration also for mental anguish, loss of time, false imprisonment, [and] illegal sentence." *Id.* at 15. Fierro's show-cause Responses reiterate that he seeks money damages in this § 2254 proceeding. The Responses clarify: "The claim I'm raising is that I feel I should get relief for every day I spent locked up after the 6 months [on the misdemeanor charge]. I feel I should get paid for that." Doc. 9 at 2.

As the Court previously explained, "[m]oney damages are not available as relief in a federal habeas corpus action."[2] *Steen v. Howes*, 2025 WL 640462, at *3 (D. Kan. 2025) (citing *Preiser v.*

---

[2] The Court also notes there is no reason to convert the instant case to a civil rights action, as Fierro has already filed a 42 U.S.C. § 1983 based on his allegation that he spent excess time in prison. *See Fierro v. State of New Mexico,* 24-cv-1001 SMD-KRS.

*Rodriguez*, 411 U.S. 475, 493 (1973)).  And, at this stage, the Court cannot otherwise craft a writ of habeas corpus to remedy the vacated convictions.  *See Rhodes v. Judiscak,* 676 F.3d 931, 935 (10th Cir. 2012) (habeas relief is not available where "the best th[e federal] court could do for [the petitioner] … would be to declare that he spent longer in prison than he should have").  Fierro has therefore not raised an actual § 2254 claim (*i.e.,* a claim challenging his current conviction in D-503-CR-2021-371).

In sum, the Amended Petition is subject to summary dismissal because Fierro failed to exhaust state remedies or raise a redressable § 2254 claim.  His show-cause Responses (Docs. 7, 8, and 9) fail to overcome these defects.  The Court will dismiss the Amended Petition without prejudice to refiling.  The Court will also deny a certificate of appealability (COA) under Habeas Corpus Rule 11, as the grounds for dismissal are not reasonably debatable.  *See* 28 U.S.C. § 2253(c)(2) (COA may only issue where reasonable jurists would debate the outcome of the habeas case); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (same).

The Court will finally clarify two points, since Fierro requested more information about his claims.  Fierro appears to believe that if he cannot obtain relief in this § 2254 habeas case (*i.e.,* the wrong type of case), he cannot sue for damages.  This is not true.  Even though § 2254 is not the correct avenue for relief, Fierro can still sue for money damages under 42 U.S.C. § 1983.  Fierro has already raised that § 1983 damages claim in *Fierro v. State of New Mexico,* 24-cv-1001 SMD-KRS.  Case No. 24-cv-1001 SMD-KRS is a separate case pending in this Court.  This ruling has no impact on Fierro's ability to pursue his civil claims for damages in *Fierro v. State of New Mexico,* 24-cv-1001 SMD-KRS.  In the future, Fierro should list the correct case number (24-cv-1001 SMD-KRS) when he submits filings regarding damages and the excess time spent in prison.

The Court also clarifies that this ruling does not constitute a determination on the merits of any § 2254 claim.  As noted above, Fierro has not raised an actual § 2254 claim challenging his conviction in Case No. D-503-CR-2021-371, and any future petitions challenging that conviction are not subject to the restrictions on second/successive petitions.  *See* 28 U.S.C. § 2244(b)(3) (describing the restrictions on successive claims).

**IT IS ORDERED** that Michael Fierro's *pro se* Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (**Doc. 2**) is **DISMISSED without prejudice**; a certificate of appealability is **DENIED**; and the Court will enter a separate judgment closing the civil habeas case.

_____
SENIOR UNITED STATES DISTRICT JUDGE